IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| OKAL NATHAN WILLIAMS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. CIV-15-593-M |
|  | ) |  |
| CARL BEAR, | ) |  |
|  | ) |  |
| Respondent.[1] | ) |  |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Doc. 1.[2] Chief United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the

---

[1] Petitioner lists Joseph Harp Correctional Center as his place of confinement and names Warden Addison as Respondent. Doc. 1. Because Carl Bear is the current warden of Joseph Harp Correctional Center, *see* http://www.ok.gov/doc/Organization/Field_Operations/East_Institutions/Joseph_Harp_Correctional_Center.html (last accessed Jul. 27, 2015), he has custody of Petitioner and is substituted as Respondent in this matter. *See* Rule 2(a), Rules Governing 2254 Cases in the United States District Courts; s*ee also Boutwell v. Keating,* 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying § 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

[2] Citations to the petition and attachments reflect this Court's CM/ECF designation.

undersigned has examined the petition and recommends its dismissal on filing.

## I. Petitioner's allegations.

Petitioner states he is confined at Joseph Harp Correctional Center in Lexington, Oklahoma, but denies he is being held by order of state or federal authorities. Doc. 1, at 1. Instead, he explains, "Sentence discharged or commuted, and or / by suspention of habeas corpus." *Id.*[3] He maintains the identity of the court that sentenced him, the docket number of his criminal case, and the date of his sentencing are each "N/A." *Id.* He claims, however, to challenge "how [his] sentence is being carried out" and "[t]he validity of [his] conviction or sentence as imposed" and also explains that "federal supreme court orders, state statutes, and federal constitutions show sentence has been discharged, respondents refuse to release petitioner or comply with their own court rules, state statutes, have denied due process and suspended habeas in state courts, even state supreme court has done it." *Id.* at 2.

Petitioner states he seeks "[r]elief set out in the attached copy of state habeas corpus . . . ." *Id.* at 1. And, when subsequently prompted by the form petition to state the grounds supporting his claim that he is being held in violation of the Constitution, he directs the court to "see attached" and then

---

[3] Unless otherwise indicated, quotations in this report are reproduced verbatim. Petitioner's use of the upper case is partially altered.

2

states the following four grounds for federal habeas relief: (1) "[s]uspention of habeas corpus and due process in and by Okla. state dist. court, and Okla. state Supreme Court" and "discrimination against petitioner because of his disabilities"; (2) "detention violates the constitution and laws of the United States"; (3) "respondents [are] discriminating against petitioner because of his disabilities"; and (4) "declaratory judgement of rights when state court refuse to comply with or enforce their own dist. court rules, state statutes, constitution, in actions and habeas corpus applications and parole board compuncation voids opportunity and 570.5 )( 332.7(A) from 1997 to 2013 was not complied with." *Id.* at 6, 6-7. After stating each of his four grounds, Petitioner contends he presented that ground "in all appeals that were available to [him]" and explains the Oklahoma Supreme Court either "declined" or "denied" "jurisdiction." *Id.* at 6-7.

The first of Petitioner's four attachments is a copy of his Petition for 120.5 )( 1334 Writ of Habeas Corpus and Brief in Support of Administrative Commutation Claim, filed in the District Court of Cleveland County, Case No. WH-2014-13. *Id.* Att. 1. His one claim for relief was that

> [t]he administrative transfer of Petitioner to Grossbeck TX in 1996 and CCA Private Prison in Cushing OK. in 1997, to CCA Private Prison in Holdenville OK. in 2000 and again to CCA Private Prison in Cushing, OK. in 2013 was out of court ordered custody of an Okla. Dept. of Corrections Warden was a commutation of sentence

3

to time served.

*Id.* at 1.[4]

## II. Petitioner's claims are unexhausted.

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). It is Petitioner's burden to show that state court remedies have been exhausted. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Petitioner contends the attachments to his petition establish he exhausted his four grounds for federal habeas relief before filing his petition in this Court.

---

[4] Petitioner submitted three additional attachments to his petition: (1) a notice of intent to appeal order of the district court in Case No. WH-2014-13; (2) a letter to the Cleveland County Court Clerk requesting copies of documents; and (3) the Oklahoma Court of Criminal Appeals' (OCCA) May 6, 2015, Order Dismissing Petition Seeking Writ of Habeas Corpus. Doc. 1, Atts. 2-4.

Doc. 1, at 6-7, Atts. 1-4. To the contrary, what Petitioner affirmatively demonstrates through his attachments is that (1) he brought a single claim for habeas relief in the District Court of Cleveland County – his transfer to a Texas and various private prisons effectively commuted his sentence to time-served, a ground he does not assert here – and (2) he did not seek relief from the state court on the four grounds he alleges in requesting federal relief. *Id.* Petitioner must first exhaust his claims in state court – his failure to do so before bringing this petition warrants sua sponte dismissal. *See Arter v. Gentry*, 201 F. App'x 653, 653-54 (10th Cir. 2006) (A court must consider the issue of exhaustion in every habeas case and "may raise the issue . . . on their own motion.").

### III. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends summary dismissal, without prejudice, of Petitioner's action for habeas corpus relief. Doc. 1.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before August 30, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

5

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 10th day of August, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE